IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MEL DEBUHR and MARILYN DEBUHR,
d/b/a M&M EXCAVATING,

    Plaintiffs,

vs.

    Case No. 05-1160-JTM

BOVE INDUSTRIES, INC.,
A NEW YORK Corporation

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the motion to dismiss for lack of personal jurisdiction by defendant Bove Industries, Inc.  Plaintiffs Mel and Marilyn DeBuhr have sued Bove alleging that a 1979 International 444B paddle scraper purchased by the DeBuhrs from Bove was defective and sold in violation of various warranties.  For the reasons stated herein, the court finds that it is without jurisdiction to hear this action, and defendant's motion is accordingly granted.

Defendant Bove is a corporation organized and existing under the laws of the state of New York; its principal place of business is 16 Hulse Road, East Setauket, New York, 11733.  Bove is an earth excavating company which engages in a variety of earth excavating and earth moving projects under contract with others.  It does not contract for or engage in earth excavating or earth moving projects outside of the state of New York or, for that matter, outside of the approximate geographical area known as Long Island, New York.

Bove is not registered with the Kansas Secretary of State to do business in Kansas as a foreign corporation; it does not have an authorized agent for service of process in Kansas; it has no offices or employees or agents in Kansas nor does it own or lease any real estate in Kansas.

Bove owns large earth moving equipment which it maintains so as to be ready to undertake earth excavating and earth moving projects as they are contracted for. From time to time, Bove replaces its earth moving equipment, trading it in for new or newer models. In April of 2004, Bove decided to sell a 1979 444B Scraper for $85,000, and placed an ad in *Rock & Dirt*, a national trade publication devoted to classified ads for heavy construction equipment. The advertisement was published three times in April/May, 2004.

Mel DeBuhr saw the ad. DeBuhr and his wife, Marilyn, are residents of Edwards County, Kansas, and operate a small excavation business in Kansas called M & M Excavating. DeBuhr was looking for a twin engine paddle scraper for his business.

DeBuhr telephoned the number listed in the ad. Telephone records show that DeBuhr called this number 13 times between June 10 and September 30, 2004. DeBuhr spoke with both the owner of Bove, Lou Bove, and the shop foreman, Tom.

Eventually an agreement was reached over the telephone, under which the DeBuhrs would buy "where is" "as is" for a reduced price of $60,000.00. On December 17, 2004, Bove faxed a bill of sale to Commercial Federal Bank in Wichita, Kansas. Commercial Federal then mailed a check from Nebraska to Bove in New York for $60,000. Because the check was made payable to both Bove and DeBuhr, Bove sent the check to DeBuhr for his endorsement. The check was endorsed and returned to Bove.

DeBuhr unsuccessfully attempted to obtain shipping for the scraper, and asked Lou Bove for assistance. Telephone records show 18 telephone calls between Bove and DeBuhr between December 28, 2004, and January 25, 2005. Finally a trucking company was found to ship the scraper, which was delivered on February 5. DeBuhr paid the trucking company $9,700 for the transportation of the scraper.

The court finds that it cannot exercise jurisdiction over this matter pursuant to KSA 60-308(b)(1) or (5) (authorizing long-arm jurisdiction where the claim arises, respectively, from the transaction of business in Kansas or a contract to be performed in Kansas) in a manner consistent with due process. Specifically, the court finds that an exercise of jurisdiction would violate due process, since the facts of the case fail to establish that defendant purposely availed itself of the privilege of doing business in Kansas in such a way that it could reasonably anticipate being haled into court in that state. *See Burger King v. Rudzwicz*, 471 U.S. 462, 472, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985). Application of the long arm statute would offend traditional notices of fair play and substantial justice. *See White v. Goldthwaite*, 204 Kan. 83, 460 P.2d 578 (1969). *But cf. Environmental Ventures v. Alda Services*, 19 Kan.App.2d 292, 868 P.2d 540 (1994).

Plaintiffs do not cite the nationwide advertisement as a basis for jurisdiction. Instead, the plaintiffs point to the following factors as justifying the exercise of personal jurisdiction: (1) the numerous telephone calls between the parties, (2) bill of sale which the seller faxed to Kansas, (3) the check which the seller mailed to Kansas for endorsement, (4) the efforts of the seller to aid in transportation, and (5) various post-sale actions by the seller.

The court finds these events do not support the exercise of jurisdiction. Generally the negotiations between the parties to a sales contract are not enough, standing alone, to merit the

3

imposition of jurisdiction. *See Custom Energy v. The Conservation Group*, 93 F.Supp.2d 1145 (D. Kan. 2000). And while the DeBuhrs may point to a large number of telephone calls in the course of the negotiations, it is also true that many lasted no more than a minute.

Although an unsigned bill of sale was sent to Kansas for the purpose of assisting the DeBuhrs in obtaining credit, this was incidental to the sale itself; the bill of sale could have been tendered at any location. While the check was sent to Kansas for endorsement (since the check was made out to both the buyer and seller), the check was then returned to New York, since the contract required payment in New York. Like the arrangements for transportation of the scraper, these factors involve events incidental to or subsequent to the sale of the scraper. While Bove may (defendant denies many of the DeBuhrs' factual claims on this point) have assisted in arranging for the transportation of the scraper, this appears to have been both incidental and gratuitous. The sale had already been effected, on an "as is" and "where is" basis. All of the transportation expenses were paid for by the DeBuhrs.

In sum, the facts of the case suggest an arms-length transaction involving a single, expensive product between a buyer in Kansas and a seller in New York. The seller is not in the primary business of selling such machinery; both buyer and seller are primarily operators of such equipment. The negotiations for the sale occurred by telephone over some months. Neither buyer nor seller traveled to the location of the other party. The terms of the sale specified that the buyer would take possession of the equipment in New York, and that the buyer was then responsible for shipment. Payment to the seller was to be made in New York. All of the other events cited by plaintiffs were incidental to these core elements of the sale.

Nor, given these facts, could jurisdiction be predicated on KSA 60-308(b)(5) for entering into a contract to be performed in Kansas. As noted earlier, the key elements of the contract as to payment and delivery all occurred in New York. Events occurring in Kansas were incidental and fortuitous to the contract itself. *See Finance and Marketing Ass'n Intern. v. He-Ro Group, Inc.*, 975 F. Supp. 1429 (D. Kan. 1997).

IT IS ACCORDINGLY ORDERED this 30th day of August, 2005, that the defendant's Motion to Dismiss (Dkt. No. 3) is hereby granted.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE